**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roman L Luna, | No. CV-21-00326-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Catricia Howard, | |
| Respondent. | |

On September 19, 2022, Magistrate Judge Lynnette C. Kimmins issued a Report and Recommendation ("R&R") recommending that this Court deny Petitioner Roman L Luna's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The R&R concludes that because Petitioner did not exhaust the Bureau of Prisons ("BOP") administrative remedy procedure prior to filing the Petition, the Petition is subject to dismissal. (Doc. 16.) The R&R further finds that the Petition should be denied on the merits because the BOP correctly calculated Petitioner's sentence. (*Id*.) The R&R recommends this Court deny Petitioner's Motion for a Preliminary Injunction (Doc. 14), which seeks the same relief as the Petition. On October 20, 2022, Petitioner filed an untimely Objection to the R&R. (Doc. 17.) *See* Fed. R. Civ. P. 72(b)(2).

## I.    Standard of Review

A district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). "The district judge must determine de novo any part of the magistrate

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made"). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## II.      Petition for Writ of Habeas Corpus

### A. Background

On December 5, 2013, Petitioner was arrested in Texas on state charges of possession of marijuana and evading arrest with a motor vehicle. (Doc. 11-3 at 6-8.) On January 16, 2014, while in state custody, Petitioner was separately charged in the Western District of Texas of possession of a weapon by a convicted felon. (*Id*. at 11-12.) Petitioner was in state custody from the time of his arrest until January 16, 2014, when he was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. (*Id*.) On March 20, 2014, Petitioner pled guilty to the federal charge and on May 28, 2014, he was sentenced to 105 months of imprisonment in the Western District of Texas. (*Id*.) On June 24, 2014, Petitioner entered a plea agreement for his state charges in which the State of Texas recommended a five-year sentence for the evading arrest charge to run concurrent with both the 18-month state marijuana possession sentence and the 105-month federal sentence. (Doc. 1 at 12.) Petitioner received credit for the state sentence from the date of arrest through the date of sentencing on the state charge. (Doc. 11-3 at 6-8.) In 2015, Petitioner's federal sentencing judge determined that Petitioner's state and federal

sentences were to run <u>consecutively</u>. (*Id.* at 43-50.) On December 5, 2018, Petitioner was discharged from his state sentence, and transferred to the Bureau of Prisons ("BOP") to begin serving his federal sentence. (*Id.* at 4.) Petitioner's projected release date is June 16, 2026. (*Id.* at 2).

On August 16, 2021, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) The Petition challenges the July 22, 2021 sentence calculation by the BOP Designation and Sentence Computation Center ("DSCC") confirming the 105-month federal sentence and June 16, 2026 projected release date. (*Id.* at 10.) On August 12, 2021, the DSCC rejected Petitioner's request for recalculation of his sentence and informed him of his right to utilize the administrative remedy process if unsatisfied with the decision. (*Id.*; Doc. 9.) Petitioner admits that he did not exhaust his administrative remedies because he believed doing so would be futile. (Doc. 1 at 3.) Instead, Petitioner filed the Petition with this Court. (*Id.*) The Petition alleges that the BOP miscalculated Petitioner's prison term because the five-year state sentence was intended to run concurrently with the 105-month federal sentence. (*Id.* at 4.) Therefore, Petitioner argues that his five years in state custody should be credited to his federal sentence and he should be released immediately. (*Id.*)

The R&R finds that, while a court may waive the exhaustion requirement if futile, the remedy Petitioner sought would have been resolved more quickly through the administrative appeals process than through litigation and therefore exhaustion was not futile. (*Id.* at 3.) Further, upon considering the merits of the Petition, the R&R recommends denial because Petitioner's sentence was not miscalculated. (*Id.* at 4.) Specifically, the R&R finds that the sentence was correctly calculated because (1) the federal sentence was to run consecutively to, not concurrently with, the state sentence; (2) Petitioner received credit for the entire time he was in state custody; and (3) he began serving his federal sentence upon his transfer to federal custody on December 5, 2018. (*Id.* at 4-6.)

On October 20, 2022, Petitioner filed an untimely objection to the R&R. (Doc. 17.) *See* Fed. R. Civ. P. 72(b)(2). Petitioner argues that the R&R: (1) failed to consider the

amended BOP Administrative Remedy Program rules which permit an inmate to file a Request for Administrative Remedy with the DSCC on matters related to sentencing computation; (2) failed to consider the effect of primary jurisdiction on the sentencing computation under 18 U.S.C. § 3585; and (3) failed to comment on Petitioner's request for appointment of counsel. (*Id.*)

### B.  Exhaustion

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The exhaustion requirement protects the administrative agency's authority by allowing the agency to correct its own mistakes before being hailed into federal court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The exhaustion requirement also promotes efficiency by resolving claims much more quickly and in a more economically efficient manner than proceeding to federal litigation. *Id.* However, a court may waive the exhaustion requirement "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citing *S.E.C. v. G.C. George Sec., Inc.,* 637 F.2d 685, 688 (9th Cir.1981)).

Petitioner's objection argues that he can file a request for an administrative remedy directly with the DSCC. Petitioner did, in fact, file a request for recalculation directly with the DSCC, but on August 12, 2021, the request was rejected, and Petitioner was notified of his right to utilize the administrative remedy process if unsatisfied with the decision. (Doc. 9.) Petitioner did not exhaust the available administrative remedies by appealing this decision to the appropriate administrative agency. Rather, he filed the Petition in this Court. The Court agrees with the R&R that Petitioner was required to exhaust his administrative remedies and that exhaustion would not have been futile, but would have provided a speedier resolution than litigating in federal court.

### C.  Calculation of Sentence

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to… the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *see also Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011) ("[A] federal sentence cannot commence until a prisoner is sentenced in federal district court.") "When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (citation omitted).

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Credit for prior custody shall be given "toward the service of a term of imprisonment for any time [a defendant] has spent in official detention prior to the date the sentence commences…" *Id*. § 3585(b). However, this credit cannot be "credited against another source." *Id*. Concurrent sentencing only applies prospectively, and the court may not "backdate a federal sentence to make it concurrent with a prior term of state imprisonment; it can make a federal sentence concurrent only with a state sentence from the date of imposition forward." *Schleining*, 642 F.3d at 1248 n.8.

Petitioner argues that the R&R should be rejected for failure to consider the effect a court's primary jurisdiction has on a sentence computation. (Doc. 17.) Petitioner attaches the dissent from *Johnson v. Gill*, 883 F.3d 756 (9th Cir. 2018) and an unpublished District of Pennsylvania case, *Taylor v. Miner*, 4:06-CV-1086, 2008 WL 2705535 (M.D. Pa. July 10, 2008) in support of his argument. However, both cases hold that a defendant may not receive both state and federal sentence credit as such a double credit would violate 18 U.S.C. § 3585(b). In *Johnson*, the majority concluded that a federal sentence does not commence until a federal court has physical custody and primary jurisdiction over a defendant, and a state court must actively intend to surrender primary jurisdiction. *Johnson*, 883 F.3d at 761. In Petitioner's case, the federal court did not possess primary jurisdiction over Petitioner until December 5, 2018 when he was transferred into federal custody.

Therefore, in accordance with *Johnson*, Petitioner's federal sentence commenced on December 5, 2018. The R&R did not err for failure to consider the effect of primary jurisdiction on a sentence computation.

In 2015, the federal sentencing judge determined that the state and federal sentences were to run <u>consecutively</u> and not concurrently.[1] Petitioner was entitled to credit for time served prior to his federal sentence as long as the time was not "credited against another source." 18 U.S.C. § 3585(b). The time Petitioner spent in custody prior to his federal sentencing was credited to his state sentence, including the time spent in federal custody from January 16, 2014 until May 28, 2014 pursuant to the writ of habeas corpus ad prosequendum. Therefore, BOP correctly based its calculation of Petitioner's sentence on a finding that none of this time served should be credited to his federal sentence. Upon independent *de novo* review, the Court finds that Petitioner's sentence was correctly calculated and will affirm the R&R, deny the Petition, and overrule the Objection.

**D. Appointment of Counsel**

Lastly, Petitioner argues that the R&R should be rejected for its failure to address Petitioner's request to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B). (Doc. 17.) "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court may appoint counsel for an indigent applicant seeking relief under section 2241 in the interest of justice. 18 U.S.C. § 3006A(a)(2)(B).

The Court, in its discretion, will deny Petitioner's request for appointment of counsel as it does not find that the interest of justice mandates such appointment. Appointment of counsel will not resolve the deficiencies in Petitioner's claim, as discussed above.

. . . .

---

[1] The state court recommended concurrent sentences. However, this was only a recommendation to the federal court and was not binding. *See Taylor v. Sawyer*, 284 F.3d 1143, 1150 (9th Cir. 2002) ("[C]oncurrent sentences imposed by state judges are nothing more than recommendations to federal officials.")

### III.   Motion for Preliminary Injunction

Petitioner also filed a Motion for Preliminary Injunction. (Doc. 14.) The R&R recommends the Motion for Preliminary Injunction be denied because it seeks the same relief requested in the Petition. (Doc. 24 at 5.) Petitioner does not object to the R&R's recommendation regarding the Motion for Preliminary Injunction. Therefore, this Court reviews the R&R's findings on the Motion for Preliminary Injunction for clear error. *Johnson*, 170 F.3d at 739.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the Petition will be denied, Petitioner has failed to show he is likely to succeed on the merits such that injunctive relief would be warranted. Therefore, the Court finds no clear error in this portion of the R&R and the Motion for Preliminary Injunction will be denied.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 16) is **accepted and adopted in full**.  Petitioner's Objection (Doc. 17) is **overruled**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **denied**.

**IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction (Doc. 14) is **denied**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 15th day of December, 2022.

Honorable Rosemary Márquez
United States District Judge